UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| LAWRENCE EVERETT WILGUS, | ) | |
| | ) | |
| Plaintiff, | ) | 3:13-cv-00368-MMD-WGC |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| BRUCE BANNISTER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983.  Plaintiff has paid the filing fee for this action.  (ECF No. 1).

Plaintiff has filed a motion for the appointment of counsel.  (ECF No. 4).  A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel.  *Storseth v. Spellman*, 654 F.2d 1349, 13253 (9th Cir. 1981).  In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant.  The circumstances in which a court will make such a request, however, are exceedingly rare, and the court will make the request under only extraordinary circumstances.  *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986).  A finding of such exceptional circumstances requires that the court evaluate both the likelihood of success on the merits and the plaintiff's ability to articulate his claims in pro se in light of the complexity of the legal issues

involved. *Id.* In the instant case, the court does not find exceptional circumstances that warrant the appointment of counsel. The motion for appointment of counsel is denied.

1. Plaintiff's motion for the appointment of counsel (ECF No. 4) is **DENIED.**

2. The Clerk shall electronically **SERVE** a copy of this order and a copy of plaintiff's complaint on the Office of the Attorney General of the State of Nevada, attention Kat Howe.

3. Within **twenty-one (21) days** of the date of entry of this order, the Attorney General's Office shall file a notice advising the Court and plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing last-known-address information under seal. As to any of the named defendants for which the Attorney General's Office cannot accept service, the Office shall file, *under seal*, the last known address(es) of those defendant(s) for whom it has such information.

4. If service cannot be accepted for any of the named defendant(s), plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, plaintiff shall provide the full name and address for the defendant(s).

5. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint within **sixty (60) days** from the date of this order.

6. Henceforth, plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If

1     counsel has entered a notice of appearance, the plaintiff shall direct service to the
2     individual attorney named in the notice of appearance, at the address stated therein.
3     The Court may disregard any paper received by a district judge or magistrate judge
4     which has not been filed with the Clerk, and any paper received by a district judge,
5     magistrate judge, or the Clerk which fails to include a certificate showing proper
6     service.
7 Dated this  21st  day of October, 2013.

                                      _____
                                      UNITED STATES MAGISTRATE JUDGE

3