# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| LAWRENCE EVERETT WILGUS, | ) | 3:13-cv-00368-MMD-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| vs. | ) | |
| | ) | September 12, 2014 |
| BRUCE BANNISTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>  KATIE LYNN OGDEN  </u>  REPORTER:  <u>NONE APPEARING  </u>

COUNSEL FOR PLAINTIFF(S):  <u>NONE APPEARING                              </u>

COUNSEL FOR DEFENDANT(S):  <u>NONE APPEARING                           </u>

**MINUTE ORDER IN CHAMBERS:**

      Before the court are Defendants' Motion for Enlargement of Time to File a Reply in Support of Cross-motion for Summary Judgment (Doc. # 34) and Plaintiff's Cross-Motion for Enlargement of Time to File Report in Support of Cross-motion for Summary Judgment (Doc. # 35).  These competing motions relate to the response/reply deadlines pertaining to two pending dispositive motions, Plaintiff's Motion for Partial Summary Judgment (Doc. # 23) filed July 22, 2014,[1] and Defendants' Cross Motion for Summary Judgment (Doc. # 30, respectively) filed August 15, 2014.

      The record reflects that the parties stipulated to an August 15, 2014 deadline for Defendants' filing of their opposition/cross motion (Doc. # 24). The parties further stipulated that "[b]oth parties will then have up to and including September 12, 2014 to file final reply briefs for all purposes." (*Id.*) The court approved the stipulation. (Doc. # 25.)

      Counsel for Defendants thereafter realized that he would not have an opportunity to file a reply brief to Plaintiff's response to Defendants' cross motion for summary judgment. Counsel for defendants sought a stipulation from Plaintiff's counsel to file a separate reply to Plaintiff's anticipated opposition of Defendants' cross-motion for summary judgment. (Doc. # 34 at 2.) Plaintiff's counsel declined to grant the stipulation, insisting that the "dual reply was [the] plan." (Doc. # 35 at 2.)  In addition to opposing defendants' motion for enlargement of time, Plaintiff also sought his own extension of time to file a "Reply in Support of Cross Motion for Summary Judgment." (*Id.* at 2, 5.)  However, counsel for Plaintiff does not state why an additional period of time would be necessary or for what duration.

---

[1] Plaintiff's motion for partial summary judgment, Doc. # 23 was superseded by a replacement motion, Doc. # 27, which was filed September 30, 2014. The replacement motion was necessitated by reason of certain confidential information contained in Plaintiff's initial motion which the court ordered Plaintiff to redact in a minute order dated July 28, 2014. (Doc. # 26.) Otherwise, the motions appear to be identical.

MINUTES OF THE COURT
3:13-cv-00368-MMD-WGC
Date:  September 12, 2014
Page 2

      Plaintiff filed his motion for partial summary judgment (Doc. ## 23, 27) and Defendants opposed (Doc. # 30). Under Local Rule 7-2, Plaintiff's reply is the next step, and according to the parties' stipulation, that document is due today.  Plaintiff's cross motion in fact notes his reply memorandum to Defendants' opposition to Plaintiff's motion for partial summary judgment is "ready to file." (Doc. # 35 at 2.)[2]

      It appears to the court that Defendants' counsel, probably inadvertently, agreed to a simultaneous filing and waived the ability to submit a reply memorandum under Local Rule 7-2. Because the court is dealing with potentially dispositive motions, and because the Local Rules set forth a briefing protocol that provides for the filing of a response to a motion, followed by a reply memorandum (7-2), it is the opinion of the court Defendants should be afforded an opportunity to file a reply memorandum.

      The court also notes it would be incongruous to require Defendants to file a "reply" brief this date because there would be nothing for Defendants to reply to.  The Defendants have already opposed Plaintiff's motion for partial summary judgment (Doc. # 29) and Plaintiff will soon reply. No "reply to the reply" would be authorized.  With regard to Defendants' cross motion for summary judgment (Doc. # 30), Plaintiff has yet to submit his opposition (which, as noted above, is also "ready to file"). Under the parties' stipulation (Doc. # 24), that opposition is due today.  Although Plaintiff styles the anticipated submission as "final Reply brief," his memorandum would actually be his response to the Defendants' cross motion provided for by Local Rule 7-2(b) (combined, apparently, with his reply to Defendants' opposition). Regardless, at this point in time, there is no memorandum to which Defendants may reply. Requiring Defendants to file a reply today, before receiving Plaintiffs' opposition, would be meaningless.

      Accordingly, Defendants' motion for enlargement of time (Doc # 34) is **GRANTED.** Plaintiff's cross motion for enlargement of time (Doc. # 35) is **DENIED.**[3]

      **IT IS SO ORDERED.**

                                       LANCE S. WILSON, CLERK

                                       By:         /s/
                                                  Deputy Clerk

---

[2] The document which is "ready to file" is presumably a combined memorandum of points and authorities in reply to Defendants' opposition to Plaintiff's motion for partial summary judgment and an opposition to Defendants' cross motion for summary judgment.

[3] Plaintiff's cross-motion states his counsel is out of town. If necessary, Plaintiff may therefore file his reply memorandum on Monday, September 15, 2014.